IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 99-473 SOM 01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION FOR EXTENSION OF |
| | ) | TIME TO FILE 2255 |
| SEAN MATSUNAGA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |


ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION
OF TIME TO FILE 28 USC § 2255 PETITION.

I.      INTRODUCTION.

        On September 28, 2009, Defendant Sean Matsunaga

("Matsunaga"), pro se, filed a "motion for extension of time to

file a 2255" petition.  Matsunaga alleges that the deadline for

filing this petition is October 2, 2009.  He alleges that he will

be unable to file a petition by that time because, among other

reasons, the prison in which he is housed was on "institutional

lockdown" for about a month so that he was unable to access the

law library.  He asks the court for an extension of time, up to

60 days, in which to file a petition.  Because the court

concludes it does not have the authority to grant this relief,

Matsunaga's motion is denied.

II.     ANALYSIS.

        Under the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"), a one-year period of limitations applies to

motions filed under 28 U.S.C. § 2255(f).  The United States
Supreme Court stated that "Congress enacted AEDPA to advance the
finality of criminal convictions." <u>Mayle v. Felix</u>, 545 U.S. 644,
662 (2005).  "To that end, it adopted a tight time line, a
one-year limitation period ordinarily running from 'the date on
which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review.'"
<u>Id.</u> (quoting 28 U.S.C. § 2244(d)(1)(A)).

     The Ninth Circuit has held that the statute of
limitations contained in § 2255 is subject to equitable tolling.
<u>See</u> <u>United States v. Battles</u>, 362 F.3d 1195, 1197 (9th Cir.
2004).  For equitable tolling to apply, a defendant must prove
essentially that extraordinary circumstances beyond his control
made it impossible to file a timely petition, and the
extraordinary circumstances were the cause of the untimeliness.
<u>Id.</u>  It is a high threshold to meet.  <u>Id.</u>

     However, equitable tolling only applies when a
defendant has filed a § 2255 petition after the applicable
statute of limitations period has passed.  Matsunaga has not
filed a § 2255 petition.  Instead, Matsunaga appears to seek a
court ruling extending the AEDPA statute of limitations so that
the statute will not bar his anticipated, but not yet filed,
petition.  However, "[a] federal court lacks jurisdiction to
consider the timeliness of a § 2255 petition until a petition is
actually filed." <u>United States v. Leon</u>, 203 F.3d 162, 163 (2d

Cir. 2000).  The court does not know when, or even if, Matsunaga will file a petition.  "The Constitution's "case or controversy" jurisdictional requirement precludes the granting of such an advisory opinion."  <u>Ford v. Warden</u>, No. 08-4304, 2008 WL 2676842, at * 1 (C.D. Cal. July 7, 2008).

Thus, this court lacks jurisdiction to consider extending the time for Matsunaga's habeas petition, unless and until such a petition is actually filed, because there otherwise is no case or controversy within the meaning of Article III of the Constitution.  <u>See</u> <u>Soto v. Warden</u>, No. 09-2377, 2009 WL 1705471, at *1 (C.D. Cal. June 16, 2009); <u>Ford v. Warden</u>, No. 08-4304, 2008 WL 2676842, at *1 (C.D. Cal. July 7, 2008); <u>Leon</u>, 203 F.3d at 163.

III.      <u>CONCLUSION.</u>

Because the court lacks jurisdiction, Matsunaga's motion for extension of time to file a § 2255 petition is dismissed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 28, 2009.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Matsunaga, Cr. No. 99-473 SOM; ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE 2255.